UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHELLE HARRIS, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-2806** |
| | * | |
| **PANTHER II TRANSPORTATION INC., ET AL.** | * | **SECTION "B"(3)** |

## ORDER AND REASONS

Defendants Panther II Transportation, Inc. d/b/a Panther Expedited Services ("Panther") and Zurich American Insurance Company ("Zurich") have filed a Motion for Partial Summary Judgment (Rec. Doc. No. 11), seeking judgment in its favor on Plaintiffs' claims for punitive damages. Plaintiffs have filed an opposition (Rec. Doc. No. 20), and the movants filed a reply (Rec. Doc. No. 28). After considering the motion, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the motion for partial summary judgment (Rec. Doc. No. 11) is **DENIED** due to the existence of material issues of fact.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Rec. Doc. No. 18) is **DISMISSED AS MOOT** in view of Plainitffs' agreement not to introduce the evidence at issue during trial.

*BACKGROUND*

This case arises from an auto accident that took place approximately two and a half years ago. Plaintiffs Michelle

1

Harris, mother, and Julia Ann Harris, Michelle's then-twelve-year-old daughter, were traveling in a car on I-40 in Arkansas when they were allegedly rear-ended by an eighteen-wheeler operated by Defendant Joel Truesdell, under dispatch for Defendant Panther. Plaintiffs now claim damages resulting from injuries allegedly sustained as a result of the collision.

Movant Defendants Panther and Zurich contend that, even assuming that Arkansas law regarding punitive damages applies here, they are entitled to summary judgment because Plaintiffs have no evidence of reckless or dangerous vehicle operation by Defendants — a requirement for punitive damages to apply under Arkansas law. Movants further contend that conflict of laws provisions in the Louisiana Civil Code prevent Arkansas law from applying here.

Respondents argue that there is evidence that transportation of the materials in the eighteen-wheeler by Defendants was reckless or dangerous. Additionally, respondents argue that the site where the resulting injury occurred was in Arkansas and that, under Louisiana choice of law rules, Arkansas law should apply as a result.

### *DISCUSSION*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

2

of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Summary judgment would be improper at this juncture due to material issues of fact regarding whether movants were acting recklessly or dangerously with regard to operation of the eighteen-wheeler. (*See* Pls.' Opp. 2-3; Pls.' Statement of Contested Material Facts.) There is also insufficient evidence in the record to show whether Plaintiffs' injuries manifested in Arkansas or Louisiana, which also makes the choice of law issue not yet ripe

for determination at this juncture. *See* La. Civ. Code art. 3546.[1]
Factual issues still exist as to the choice of law issue, i.e. where the injuries occurred, and as to whether Defendants were acting with the requisite intent to warrant punitive damages in the event that Arkansas law should be applied here. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment (Rec. Doc. No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Rec. Doc. No. 18) is **DISMISSED AS MOOT** in view of Plainitffs' agreement not to introduce the evidence at issue during trial.

New Orleans, Louisiana, this 22nd day of February, 2010.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[1] Punitive damages may not be awarded by a court of this state unless authorized:

(1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or

(2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. Civ. Code art. 3546.